UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILLIP W. BAXTER, and NOLA BAXTER, Individually and as husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SAFETY COUNCIL, a federally chartered non-profit corporation, and EVANGELOS GALOUNIS, and JANE DOE GALOUNIS, individually and as husband and wife,<br><br>Defendants. | CASE NO. C05-0752C<br><br>ORDER |

This matter comes before the Court on the Plaintiffs' Motion to Remand (Dkt. No. 9). Having reviewed the materials submitted by the parties and determined that oral argument is not necessary, the motion is DENIED for the reasons set forth below.

**I.     BACKGROUND**

Plaintiffs filed this action in King County Superior Court alleging state law claims of breach of contract, violation of Wash. Rev. Code § 49.48 et. seq. and Wash. Rev. Code § 49.52 et. seq., fraudulent concealment and intentional misrepresentation, negligent misrepresentation, wrongful discharge, and violation of the Washington Consumer Protection Act, Wash. Rev. Code § 19.86 et. seq. The

ORDER – 1

Defendants subsequently removed the action to this Court under 28 U.S.C. § 1441. A settlement letter sent by the Plaintiffs to the Defendants on April 7, 2004 stating that Plaintiffs "reasonably offer[] to settle [their] case for $225,000" served as sole support for removal. (Notice of Removal, Ex. A). After removal, the Plaintiffs corresponded with NSC several times attempting to settle the case. Plaintiffs' counsel has also communicated to Defendants' counsel that Plaintiffs would consider settlement offers of less than $75,000. With no settlement reached, the Plaintiffs have moved that the case be remanded to King County Superior Court based on insufficiency of the jurisdictional amount required under 28 U.S.C. § 1332. Diversity of citizenship among the parties is not contested.

## II. REMOVAL STANDARDS AND APPLICATION

Under 28 U.S.C. § 1441(a) a defendant may remove "any civil action brought in a State court of which the district courts have original jurisdiction." The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. 28 U.S.C. § 1332 (2005).

Where it is not facially evident from the complaint that the amount in controversy exceeds $75,000, the removing party must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). A case should be remanded to state court where doubt regarding the amount in controversy exists. *Id*. Conclusory allegations of the amount in controversy are insufficient to support removal. *Id*. However, defendants may rely on facts presented in the removal motion or any "summary judgement type" evidence relevant to the amount in controversy at the time of removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

The Ninth Circuit does not follow the "converse legal certainty" test when considering a motion for remand. Under that test, the party invoking federal jurisdiction has the burden of proving that it does not appear to a legal certainty that the claim is actually for less than the requisite jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (citing *Hale v. Billups of*

ORDER – 2

*Gonzales, Inc.*, 610 F. Supp. 162 (M.D. La. 1985)). The Ninth Circuit cautioned that the test may result in an unwarranted expansion of federal diversity jurisdiction if applied when the plaintiff's complaint does not specify a particular amount of damages. *Id*. Therefore, where it is not facially evident from the complaint, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 to remove a case to federal court. *Matheson*, 319 F.3d at 1090; *id*. at 404.

Here, it is not facially evident from the complaint that the amount in controversy exceeds the jurisdictional requirement under 28 U.S.C. § 1332. There are no *ad damnum* clauses in the Complaint other than Paragraph 13, where it is alleged that the Plaintiffs are entitled to treble damages up to $10,000. Therefore, the Defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Defendants have done so.

The Plaintiffs' April 7, 2004 settlement letter suffices to meet the Defendants' burden. A settlement letter is relevant evidence of the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). For example, the defendant in *Cohn* provided a single settlement letter from the plaintiff asking for more than $100,000. *Id*. The court held that this single letter was enough to support removal. *Id*.; *see also Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (plaintiff's admission that amount in controversy exceeded jurisdictional requirement sufficient to establish amount in controversy above that amount). Just as in *Cohn*, Defendants in this case relies exclusively on a single settlement letter sent by Plaintiffs demanding $225,000.

Furthermore, just as in *Cohn*, Plaintiffs do not argue that the settlement demand was inflated or was not an honest assessment of damages. *See Cohn*, 281 F.3d at 840. In fact, the settlement letter itself states that the Plaintiffs "*reasonably* offer[] to settle [their] case for $225,000." (Notice of Removal, Ex. A) (emphasis added). While the Plaintiffs hint that the offer was inflated, (Pl.'s Resp. 3), the fact that the settlement letter was fifteen pages long and addressed, in detail, each of the Plaintiffs' claims in the complaint cautions against a finding that the letter was not an honest assessment of damages. By citing

ORDER – 3

Plaintiffs' April 7, 2004 settlement letter the Defendants prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Cf. Valdez*, 372 F.3d at 1117 (defendants's statement that it believed amount in controversy exceeded $75,000 did not constitute preponderance of the evidence).

### III.   PLAINTIFFS' ARGUMENTS FOR REMAND

Plaintiffs argues that other than his unpaid salary claim, the rest of his claims are "pie in the sky" and therefore the amount in controversy is less than $75,000. (Pl.'s Resp. 4). However, remand is not justified simply because the defendant has a valid defense. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938). Thus, Plaintiffs' arguments that most of his claims are likely to be denied are irrelevant for establishing the amount in controversy.

The Plaintiffs also argue that the amount in controversy is less than $75,000 because he is now willing to settle for less than $75,000. However, the settlement offers below $75,000 have only come after the Defendants removed the case to federal court. (Pl.'s Mot. for Remand 4). The Fifth Circuit has held that anything filed by the plaintiff after a defendant has removed the case to federal court is irrelevant. *de Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *see also St. Paul Mercury*, 303 U.S. at 292 (after removal to federal court, the plaintiff's stipulation, affidavit or amendment of pleadings reducing the claim below the jurisdictional requirement does not deprive the district court of jurisdiction). Without this rule plaintiffs could seek to manipulate their state pleadings to avoid federal court while retaining the possibility of recovering greater damages in state court following remand. *de Aguilar*, 47 F.3d at 1410. Therefore, the $225,000 settlement offer before removal is more persuasive than the post-removal settlement offers below the required amount.

Finally, that the defendants might be willing to settle for $1,000 does not establish that the amount in controversy is less than $75,000, it merely establishes that a controversy exists. The fact that the parties might be willing to settle below $75,000 does not mean that the amount in controversy is also below that amount. Such an argument ignores the inherent nature and purpose of negotiated settlements. *See Sayre v. Potts*, 32 F. Supp. 2d 881, 888 (S.D. W. Va. 1999) (plaintiff's post-removal settlement offer $500

ORDER – 4

below jurisdictional requirement supports idea that amount in controversy is greater than required because costs and hazards of litigation are exchanged for receiving known amounts).  Therefore, post-removal settlement offers do not undermine the preponderance of the evidence established by the pre-removal settlement demand of $225,000.

    For these reasons, the Plaintiffs' motion for remand is DENIED.

    SO ORDERED this 13th day of September, 2005.

*/s/ John C. Coughenour*
UNITED STATES DISTRICT JUDGE

ORDER – 5