UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILLIP W. BAXTER and NOLA BAXTER,

Plaintiff,

v.

NATIONAL SAFETY COUNCIL,
EVANGELOS GALOUNIC, and JANE DOE
GALOUNIS,

Defendants.

CASE NO. C05-752C

ORDER

This matter comes before the Court on Plaintiffs' Motion for Reconsideration (Dkt. No. 51) and Plaintiffs' Motion to Extend Time to File Plaintiffs' Notice of Appeal (Dkt. No. 53).

I.  **PLAINTIFFS' MOTION FOR RECONSIDERATION**

Rather than addressing the merits of the Order granting summary judgment for the Defendants (Dkt. No. 45), Plaintiffs' counsel provides yet another laundry list of reasons why Plaintiffs should be granted additional time to file a response to the initial Motion for Summary Judgment that the Court ultimately granted. Under Local Rule CR 7(h)(1), motions for reconsideration are disfavored. The Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with

ORDER – 1

reasonable diligence." Plaintiffs have made no such showing here. Accordingly, the Court DENIES Plaintiffs' Motion for Reconsideration.

## II. PLAINTIFFS' MOTION TO EXTEND TIME TO FILE A NOTICE OF APPEAL

In a civil case, the notice of appeal must generally be filed with the district clerk within 30 days after the judgment or order appealed from is entered. FRAP 4(a)(1)(A). However, when a party has filed certain kinds of motions enumerated in FRAP 4(a)(4)(A), the time to file an appeal runs from the date of entry of the last order disposing of any such motions. Plaintiffs argue that their Motion for Reconsideration constitutes one of the enumerated motions and therefore request an extension of time in which to file the notice of appeal.

Plaintiffs failed to cite any statutory basis for their motion when it was eventually filed. (*See* Pls.' Mot. for Recons.) Nevertheless, Plaintiffs' Motion for Reconsideration appears to be requesting relief that would be available under Rule 59 of the Federal Rules of Civil Procedure in the form of an amended judgment. Rule 59 motions are included in FRAP 4(a)(4)(A)'s list of motions that stop the notice of appeal clock from running until after they are decided. FRAP 4(a)(4)(A)(iv). Accordingly, Plaintiffs are entitled 30 days in which to file a notice of appeal from the date when their motion is ruled upon.

While it is true that only the two copies of the exhibits to the motion, and not the motion itself, were received by the Court within the 10-day window set out in Rule 59(e), it was apparent from the title of the document in the CM/ECF database that Plaintiffs sought a "Motion for Reconsideration." Given that both Defendants and the Court were thus aware that Plaintiffs were attempting to file a motion of reconsideration, this Court is reluctantly willing to overlook yet another example of lack of diligence on the part of Plaintiffs' counsel. Accordingly, the time to file a notice of appeal runs from the date of this very judgment, which disposes of the initial Motion for Reconsideration.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is DENIED. Plaintiffs' Motion for an Extension of Time to File a Notice of Appeal is hereby GRANTED. Plaintiffs have 30 days from

ORDER – 2

this date in which to file a notice of appeal.

SO ORDERED this 18th day of October, 2006.

*[signature]*
John C. Coughenour
United States District Judge

ORDER – 3